No JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA NORD-SHAFER, A DELAWARE CITIZEN; & REBECCA KENNEDY, A NEW YORK CITIZEN<br><br>Plaintiffs,<br><br>v.<br><br>NARCONON INTERNATIONAL, A CALIFORNIA CORPORATION; ASSOCIATION OF BETTER LIVING AND EDUCATION INTERNATIONAL, A CALIFORNIA CORPORATION; NARCONON FREEDOM CENTER D/B/A NARCONON FREEDOM TREATMENT CENTER, A MICHIGAN CORPORATION; & DOES 1-100; ROE CORPORATIONS I-X, INCLUSIVE;<br><br>Defendants. | CASE NO. CV 14-6438-R<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION |

    Before the Court is Defendant Narconon Freedom Center's ("NFC") Motion to Compel Arbitration, which was filed on October 14, 2014. Having been thoroughly briefed by both parties, this Court took the matter under submission on March 10, 2015.

Pursuant to the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA represents the "liberal federal policy favoring arbitration agreements" and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc*., 473 U.S. 614, 626 (1985). The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "[A]greements to arbitrate [may] be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011).

On January 2, 2013, Plaintiffs Samantha Nord-Shafer and Rebecca Kennedy executed the "Narconon Freedom Center, Inc. Admission Agreement," ("Agreement"). Page 11 of the Agreement contains a section entitled "Dispute Resolution Arbitration." This section provides:

> The parties agree that any controversy, dispute or claim arising out of or relating to or involving this Admission Agreement shall be resolved by binding arbitration. Those claims subject to arbitration include but are not limited to any and all disputes or controversy regarding services provided, conditions at the Freedom Center Facility, the staff, the results of the program, other student's actions, claims of discrimination, consumer complaint or any other cause of action.
>
> This provision applies to disputes, controversies or claims involving not only Narconon Freedom Center, Inc. but any related entities, licensors, the members of the Board of Directors, the officers and the staff. The arbitrator shall be agreed upon by the parties. (In the event the parties cannot agree upon an arbitrator, the American Arbitration Association shall, upon proper application by the parties, appoint an arbitrator.) The parties

1   shall each pay and be responsible for half the fees and costs of the arbitration. The
2   arbitration shall take place in Oakland County, Michigan unless the parties otherwise
3   agree. The parties understand and agree that in the event of arbitration, the decision of the
4   arbitrator shall be binding and conclusive on the parties. The arbitration proceedings and
5   the decision of the arbitration shall be private and confidential.
6   Prior to arbitration, the parties may, but are not required to seek to resolve the
7   matter through a qualified mediator approved by a Michigan court. The parties shall each
8   pay half the costs of such mediation. The mediation shall be non-binding.

Dkt. No. 22, Ex. A.

Plaintiffs argue that the contract at issue here is not valid, and therefore, the arbitration clause is not binding.  However, a review of the record indicates that Plaintiffs were neither subject to fraud nor duress when entering the Agreement, and the terms of the Agreement are not unconscionable so as to invalidate the Agreement.  In fact, Plaintiffs have argued in this action that the contract is in fact valid and enforceable. (Dkt. 28, 18:16-28)  Thus, Plaintiffs' arguments against the validity of the contract between Plaintiffs and NFC are unconvincing, and a valid agreement to arbitrate exists.

Furthermore, the disputes at issue fall within the terms of the arbitration clause.  The arbitration clause specifically states that it encompasses "all disputes or controversy regarding services provided, conditions at the Freedom Center Facility, the staff, the results of the program, other student's actions, claims of discrimination, consumer complaint or any other cause of action."  Therefore, Plaintiffs' claims for breach of contract, negligence, fraud, and premises liability, are subject to the arbitration clause.  Accordingly, Defendant's Motion to Compel Arbitration is GRANTED.

/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /

3

1  Under the FAA, the Court must stay litigation pending the completion of arbitration when
2  it determines that "the issue involved in such suit or proceeding is referable under such an
3  agreement." 9 U.S.C. § 3.  Accordingly, this action is STAYED pending arbitration.
4  **IT IS HEREBY ORDERED** that Defendant NFC's Motion to Compel is GRANTED.
5  (Dkt. No. 22)
6  Dated: March 17, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE